IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamel Alexander Demorcy, #270803, | C/A No. 8:14-968-JFA-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Samuel Cook, | |
| Defendant. | |

Jamel Alexander Demorcy ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Perry Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges he brings this lawsuit against Samuel Cook, the Ex-President, employed at 1600 Pennsylvania Avenue, Washington D.C., 20001. Complaint [Doc. 1 at 2.] He appears to allege that Samuel Cook is currently in jail. [Doc. 1 at 7.] Although it is difficult to decipher, the Complaint raises issues related to kidnaping, poisoning, and the attempt to give him the HIV/AIDS virus. [Doc. 1 at 2.] He alleges he was "kidnaped by his accomplice who are passing viruses and got malpractice in medical care. . . ." [Doc. 1 at 4.] Specifically, the allegation related to Defendant is that he ordered the Davis family to poison Plaintiff which resulted in weight loss, and Defendant allegedly made poison, viruses, germs, bacteria, and weapons issued to the Davis family which caused Plaintiff pain, health problems, and mental distress. [Doc. 1 at 5.] Further, Plaintiff alleges his goal is to be moved from his current location because he is with people he does not need to be

next to. [Doc. 1 at 7.] For his relief, Plaintiff seeks copies of his full medical records, his medical bills to be paid, and possibly damages. [Doc. 1 at 12.]

Plaintiff appears to request that this Complaint should be added to his case 8:13-1494-JFA-JDA, and that said prior action should be added to this case. [Doc. 1 at 8.] This Court takes judicial notice that Plaintiff filed a similar action raising many of the same factual allegations against Samuel Cook and William Davis. *See* Report and Recommendation, *Demorcy v. Cook*, C/A No. 8:13-1494-JFA-JDA (D.S.C. July 31, 2013), ECF No. 49; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court adopted and incorporated the Report and Recommendation and dismissed the action with prejudice. *See* Order, *Demorcy v. Cook*, C/A No. 8:13-1494-JFA-JDA (D.S.C. Sept. 23, 2013), ECF No. 64.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Discussion

This civil action should be dismissed on the ground that it is factually frivolous. The *in forma pauperis* statute, which Plaintiff proceeds under, authorizes this Court to dismiss a case if it is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Plaintiff alleges that Defendant is the Ex-President of the United States and has the address of The White House at 1600 Pennsylvania Avenue in Washington, D.C. This Court takes judicial notice that 1600 Pennsylvania Avenue, NW, in Washington, D.C., is the address of The White House. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Plaintiff alleges that Defendant ordered the Davis family to poison him and made poison and viruses. It appears that all of the factual allegations related to Defendant are generally fantastic, fanciful, and delusional.[1] *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional). Therefore, this Court should dismiss this action based on frivolousness.

---

[1] In *Demorcy v. Cook*, C/A No. 8:13-1494-JFA-JDA (D.S.C.), this Court previously found that Plaintiff's similar allegations against Samuel Cook were factually frivolous.

Moreover, Plaintiff alleges that a goal in bringing this action is to be moved from his current location, but this Court will not grant such relief in a § 1983 action. In *Demorcy v. Cook*, C/A No. 8:13-1494-JFA-JDA, this Court ruled on Plaintiff's previous request for a transfer that there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). This Court found, and it still finds, that because it appears that Plaintiff has been committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case based on frivolousness and enter a "strike" pursuant to 28 U.S.C. § 1915(g). See *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009); *Blakely v. Wards*, 738 F.3d 607, 612 n.3 (2013); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are

subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

                                               s/ Jacquelyn D. Austin
                                               United States Magistrate Judge

April 3, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).